## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ILLUMAFINITY, LLC,** | |
| *Plaintiff*, | **Civil Action No. 2:23-cv-578** |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **ESKI INC. D/B/A PIXMOB,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Illumafinity, LLC ("Illumafinity" or "Plaintiff") files this original complaint against Eski Inc. d/b/a PixMob ("PixMob" or "Defendant"), for infringement of U.S. Patent No. 7,374,326 ("the '326 Patent") and alleges as follows:

## PARTIES

1.      Illumafinity is a limited liability company organized under the laws of the State of Texas, with a principal place of business at Houston, Texas.

2.      Upon information and belief, Defendant is a foreign corporation organized under the laws of Canada with a principal place of business at 103 Rue de Louvain Ouest, Montreal, Quebec, Canada H2N 1A3. Defendant is doing business as PixMob.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has specific personal jurisdiction over Defendant because Defendant has engaged in substantial business activities within the State of Texas, and has committed and/or

induced specific acts of patent infringement here, thereby giving rise to this action. Specifically, Defendant makes, uses, sells, and/or offers for sale infringing products within the State of Texas.

5.      Venue is proper in this District under 28 U.S.C. § 1391. Defendant is a foreign corporation and may be sued in any judicial district.

## U.S. PATENT NO. 7,374,326

6.      On March 14, 2006, the '326 Patent was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Illumination Module of Light Emitting Elements."  Attached hereto as Exhibit A.

7.      The '326 Patent is presumed valid and enforceable under United States Patent Laws.

8.      The '326 Patent generally covers an illumination module of light emitting elements having a one-dimensional array of light emitting elements arranged thereon and a reflecting layer on the surface of the printed circuit board.

9.      Illumafinity is the owner of the '326 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '326 Patent against infringers, and to collect damages for all relevant times.

10.     The '326 Patent is set to expire by its own terms on December 8, 2023. Therefore, Illumafinity seeks all recoverable damages up to and including December 8, 2023.

## THE ACCUSED PRODUCTS

11.     Defendant makes, uses, sells, offers for sale and/or imports various LED wristbands, including but not limited to the X3, X4, and WAVE models (collectively, "Accused Products"). It is believed that PixMob further made, used, sold, offered for sale and/or imported

various legacy LED wristbands, including but not limited to the X2 and 7-LED, that are no longer available and are considered Accused Products.

12.     The Accused Products "are the industry's leading immersive light wearables, packing an ever-growing range of effects while featuring durable, sustainable design." https://www.pixmob.com/products/detail/led-wristbands.



13.     The Accused Products contain either two or four "ultrabright RGB LEDs." https://www.pixmob.com/products/detail/led-wristbands. Some legacy Accused Products contain up to seven LEDs.

14.     The Accused Products have been featured in numerous musical, sporting, and corporate events. For example, the Accused Products were part of the Taylor Swift's The Era's and Reputation Stadium Tours, Coachella Music Festival, Super Bowls XLVIII, LIV, LV, and LVI Halftime Shows, Elton John's final North American Show, Bad Bunny's The World's Hottest Tour 2022, The Weeknd's After Hours til Dawn Tour 2022, NBA All-Star Weekend, and Rams Thursday Night Football, to new a few highlights. *See* https://www.pixmob.com/projects.

**COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,374,326**

15.    Defendant, in violation of 35 U.S.C. § 271(a), has directly infringed, literally or under the doctrine of equivalents, and continues to directly infringe the '326 Patent by making, using, selling, offering for sale, and/or importing the Accused Products.

16.    Specifically, Defendant has directly infringed various apparatus and system claims of the '326 Patent. For example, Defendant has and continues to infringe upon at least claims claim 1-10 of the '326 Patent by selling the Accused Products which comprise: a printed circuit board; means for emitting light disposed on a first surface of said printed circuit board; means for reflecting light from of said means for emitting light; and means for resisting electrical current disposed on said first surface of said printed circuit board under said means for reflecting light. See Exhibit A-1

17.    Illumafinity has been damaged by the infringing conduct by Defendant in an amount to be determined at trial. Thus, Defendant is liable to Illumafinity in an amount that adequately compensates Illumafinity for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II – INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,374,326**

18.    Defendant, in violation of 35 U.S.C. § 271(b), has indirectly infringed, literally or under the doctrine of equivalents, and continues to indirectly infringe the '326 Patent by actively inducing their customers to practice various claims of the '326 Patent via use of the Accused Product in an infringing manner.

19.    Defendant has had knowledge and notice of the '326 Patent and the infringement by the Accused Product since at least the filing of this complaint.

20.    Despite such notice, Defendant has continued to provide the Accused Product to its customers and, on information and belief, encouraged and aided its customers in using the Accused

Product in an infringing manner. Therefore, Defendant has knowingly and intentionally encouraged and aided at least its end-user customers to directly infringe the '326 Patent.

21.     Specifically, Defendant's end-user customers directly infringe various method claims of the '326 Patent by using the Accused Product in their intended manner to infringe. Defendant induces such infringement by providing the Accused Product and curating live events to enable and facilitate infringement, while knowing of, or being willfully blind to the existence of the '326 Patent. For example, Defendant's customers infringe upon exemplary claim 6 of the '326 Patent by practicing a method, comprising: emitting light from one or more light emitting elements disposed on a first surface of a printed circuit board; reflecting light from said one or more light emitting elements via a reflecting layer; and resisting electrical current via one or more resistors disposed on said first surface of said printed circuit board under said reflecting layer.

22.     On information and belief, Defendant specifically intends that its actions will result in infringement of the '326 Patent, or subjectively believe that their actions will result in infringement of the '326 Patent. Therefore, Defendant's induced infringement of the '326 Patent is exceptional and entitles Illumafinity to recover attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

23.     Illumafinity is entitled to recover from Defendant all damages that Illumafinity has sustained as a result of Defendant's infringement of the Asserted Patent, including, without limitation, a reasonable royalty to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Illumafinity respectfully requests:

A.     That judgment be entered that Defendant has infringed the '326 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B.    An award of damages sufficient to compensate Illumafinity for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

C.    That the case be found exceptional under 35 U.S.C. § 285 and that Illumafinity be awarded its reasonable attorney fees;

D.    Costs and expenses in this action;

E.    An award of prejudgment and post-judgment interest; and

F.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Illumafinity respectfully demands a trial by jury on all issues triable by jury.

DATED: December 7, 2023

Respectfully submitted,

/s/ Hao Ni

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*ATTORNEYS FOR PLAINTIFF*
*ILLUMAFINITY LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Texas Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Hao Ni*